```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GUEST,

                        Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS, CITY OF NEW YORK; VINCENT SCHRALDI; CAPTAIN REYEZ; CAPTAIN HAMLET; WARDEN CARTER,

                        Defendants.

1:22-CV-0972 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, who is currently detained in the Vernon C. Bain Center (VCBC), in the Bronx, New York, brings this action *pro se*. The complaint can be liberally construed as asserting claims under 42 U.S.C. § 1983, for deliberate indifference to a serious risk of contracting the Covid-19 virus, as a result of conditions at VCBC.

      By order dated March 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.      New York City Department of Correction**

The Court dismisses Plaintiff's claims against the New York City Department of Correction (DOC) because, as an agency of the City of New York, the DOC cannot be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Waiver of service of summons**

The Court directs the Clerk of Court to notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York, former DOC Commissioner Vincent Schiraldi, VCBC Correction Captains Reyez and Hamlet, and VCBC Warden Carter waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against "Department of Corrections, City of New York," and directs the Clerk of Court to substitute the City of New York as a defendant in this action. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that City of New York, former DOC Commissioner Vincent Schiraldi, VCBC Warden Carter, and VCBC Correction Captains Reyez and Hamlet waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court further directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  March 23, 2022
        New York, New York

*/s/ Mary Kay Vyskocil*
MARY KAY VYSKOCIL
United States District Judge